United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Stephanie Fine-Marino
Trial Attorney
(215)440-2841
SFM-7913

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EPISCOPAL DIOCESE OF NEWARK,<br><br>Defendant. | CIVIL ACTION NO.<br><br><u>COMPLAINT</u><br><u>JURY TRIAL DEMAND</u> |

## <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to Michelle Wilson and Maxine Gooden (Mmes. Wilson and Gooden), who were adversely affected by such practices. The Commission alleges that during their employment, Mmes. Wilson and Gooden were subjected to sexual harassment through regular, sexually explicit, insulting, and derogatory comments and conduct which created a sexually hostile and offensive work environment for them as a female. The Commission alleges that although Mmes. Wilson and Gooden objected to and complained to Defendant about such conduct, no remedial action was undertaken by Defendant to stop the sexual harassment. As a result of the sexual harassment Mmes. Wilson and Gooden suffered severe emotional distress and damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant, Episcopal Diocese of Newark, has continuously been and is now doing business in the State of New Jersey and the City of Newark and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michelle Wilson filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

7. Since at least October 2003, Defendant Employer has engaged in unlawful employment practices at its Newark, New Jersey facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1) and 2000 (e)-3 (a) (1), by subjecting Charging Party Michelle Wilson and Claimant Maxine Gooden to disparate treatment and sexual harassment based on incidents which include, but not are limited to, the following:

(A) Mmes. Wilson and Gooden were employed with Defendant as Administrative Assistants since 2002. They both maintained good performance records.

(B) Mmes. Wilson and Gooden were subjected to offensive sex-based comments by Reverand Dana Rose, the Vicar of Trinity Church in Irvington, New Jersey, during his frequent visits to Defendant's facility. On a regular basis, Rev. Rose made offensive comments about wanting to have or having had sexual relations with Mmes. Wilson, Gooden, and other female employees. He would make comments about their attire. He falsely claimed, in the presence of others, "You know I'm your baby's daddy." He also stated, "I'm going to tell your pastor that you are going to marry me;" "you didn't say that last night when I was at your house making you scream;" "This is my wife, and I'm going to impregnate her and have lots of babies;" "If I could have you, I would change (from being gay)"and/or "Oh, your feisty. I like the feisty ones."

(C) Both Wilson and Gooden were also subjected to offensive and unwelcome touching by Rev. Rose during his frequent visits to Defendant's facility. On many occasions, he would grab them (or attempted to grab or caress them) on their arms, waists and/or breasts.

(D) Without justification or necessity, Rev. Rose frequently called or attempted to call Ms. Wilson at home by telephone. Further, he frequently stated that he was going to visit her at her home.

(E) This behavior was offensive and demeaning to both Ms. Wilson and Ms. Gooden and created a sexually hostile work environment for them. When Ms. Wilson and Ms. Gooden protested or objected to the offensive behavior, Rev. Rose would reply, "You can't tell me what to do, I'm a Priest;" or "shut-up, you know you like it." In addition, he replied with a sexually-oriented comment.

(F) Both women complained to management and made them aware of Rev. Rose's inappropriate conduct. When Mmes. Wilson and Gooden complained to Defendant's management, they were met with inaction, disbelief, and hostility. Defendant's attempts at corrective action were ineffective since the offensive comments and conduct never stopped. Despite notice of the behavior and their authority to correct it, Defendant never took any disciplinary actions against Rev. Rose for having created and engaged in a sexually hostile work environment.

(G) Defendant's policies and practices concerning the prevention of sexual harassment in the workplace were ineffective and failed to correct the offensive environment created by Rev. Rose.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Michelle Wilson and Maxine Gooden, as female employees, of equal employment opportunities and otherwise adversely affect their status as employees because of their gender.

9. The acts complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Michelle Wilson and Maxine Gooden as female employees.

4

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mmes. Wilson and Gooden by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Mmes. Wilson and Gooden by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mmes. Wilson and Gooden by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

F. Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
JACQUELINE H. MCNAIR
Regional Attorney

_____
IRIS SANTIAGO FLORES
Supervisory Trial Attorney (Acting)
Iris.Santiago-Flores@eeoc.gov

_____
STEPHANIE FINE MARINO
Trial Attorney
Stephanie.Marino@eeoc.gov
NJ Bar No. 03193-1995
U.S. EEOC, Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2828 (main)
(215) 440-2848 (fax)

6